(No. 480█

CALVERT FIRE INSURANCE COMPANY, A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1959.*

ARRINGTON AND HEALY, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; LESTER SLOTT, Assistant Attorney General, for Respondent.

WHAM, J.

This case involves a suit brought by claimant to recover reimbursement for overpayment of taxes to the State of Illinois during the years of 1950, 1951, 1952 and 1953. No novel questions of law are involved, since we have passed on this same question in the cases of the *Columbia Fire Insurance Company, A Corporation,* Claimant, vs. *State of Illinois,* Respondent, No. 4787, and *American Indemnity Company, A Corporation,* Claimant, vs. *State of Illinois,* Respondent, No. 4834. There are no disputes of facts in this case, and respondent has acknowledged the validity of the claim. The Commissioner recommended that the award be allowed, and we hereby adopt his report as our opinion in the case:

"The Calvert Fire Insurance Company, A Corporation, by Arrington and Healy, its attorneys, filed its complaint against the State of Illinois with the Court of Claims on January 27, 1958 contending that claimant, Calvert Fire Insurance Company, A Corporation, incorporated under the laws of the State of Pennsylvania, was licensed to transact business in the State of Illinois.

During the year of 1950, claimant reported that it received from the sales of fire insurance in the State of Illinois net taxable premiums, taxable under the provisions of the statutes of the State of Illinois, in the amount of $210,768.17, as set forth in exhibit A attached to the complaint. A tax payment was remitted to the Department of Insurance in the amount of $1,053.84, exhibit B attached to said complaint. During the year of 1951, claimant reported that it received from the sales of fire insurance in the State of Illinois net taxable premiums, taxable under the provisions of the State of Illinois, in the amount of $226,778.81, and that a tax payment was remitted to the Department of Insurance of the State of Illinois in the amount of $1,133.89, as exhibited by copy of draft marked exhibit D.

During 1952, claimant reported it received from the sales of fire insurance in the State of Illinois net taxable premiums, taxable under the provisions of the statutes of the State of Illinois, in the amount of $268,-177.72, as set forth in exhibit G, and that a tax payment was remitted to the Department of Insurance of the State of Illinois in the amount of

$1,340.89, exhibit H. Claimant alleges that the payments on its part, referred to in paragraphs 2, 3, 4 and 5, were made because of an error in reporting the premiums, which were subject to the Fire Marshal tax. The net taxable premiums, as shown on exhibits of premiums for the purpose of the Fire Marshal premium tax for the years mentioned above, included theft, comprehensive and miscellaneous premiums, and were not purely auto fire premiums or premiums subject to the fire marshal tax. When National Automobile Underwriters Association's percentages are applied, and the fire portions of the premium are extracted and used as a basis for determining the tax to be paid, the results should have been as follows:

| Year | Premiums Reported | Fire Prem. Determined By Applying N.A.U.A.% | Tax Remitted | Recomputation of Tax | Over-Payment |
|------|-------------------|---------------------------------------------|--------------|----------------------|--------------|
| 1950 | $ 210,768.17 | $ 67,972.48 | $1,053.84 | $ 339.86 | $ 713.98 |
| 1951 | 226,778.81 | 74,009.39 | 1,133.89 | 370.05 | 763.84 |
| 1952 | 327,876.81 | 87,796.94 | 1,639.38 | 438.98 | 1,200.40 |
| 1953 | 268,177.72 | 73,249.02 | 1,340.89 | 366.25 | 974.64 |
| Total | $ 1,033,601.51 | $303,027.83 | $5,168.00 | $1,515.14 | $3,652.86 |

Claimant alleges that no provision under the laws of the State of Illinois provides for reimbursement of the foregoing overpayments of 1950, 1951, 1952 and 1953 Fire Marshal premium taxes in the amount of $3,652.86 except through recourse in the Court of Claims. Therefore, its claim was filed in this Court. Claimant further states that it is entitled to recover herein by reason of the amendments to Sections 8 and 22 of "An Act to create the Court of Claims". This Act, entitled "Senate Bill No. 691," and approved by the 70th General Assembly on July 11, 1957, provides in subsection F of Section 8:

> 'All claims for recovery of overpayment of premium taxes or fees or other taxes by insurance companies made to the State resulting from failure to claim credit allowable for any payment made to any political subdivision or instrumentality thereof. Any claim in this category, which arose after July 15, 1945 and prior to the effective date of this amendatory Act, may be prosecuted as if it arose on the effective date of this amendatory Act without regard to whether or not such claim has previously been presented or determined.'

Your Commissioner set this case for hearing on November 20, 1958 at 160 North LaSalle Street, Chicago, Illinois, and a stipulation was presented to your Commissioner as claimant's exhibit A, which in substance admits the liability of the following overpayments: 1950—$713.98; 1951—$763.84; 1952—$1,200.40; and, 1953—$974.64, making a total for the four years of $3,652.86.

Your Commissioner has examined the stipulation and all of the exhibits.

Your Commissioner, therefore, recommends that an award be made to the Calvert Fire Insurance Company, A Corporation, in the amount of $3,652.86."

It is, therefore, ordered that an award be made to claimant, Calvert Fire Insurance Company, A Corporation, in the amount of $3,652.86.